**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mauricio Egardo TEJADA–CALDERON, Defendant–Appellant.**

No. 05–40099.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 22, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Mauricio Egardo Tejada–Calderon (Tejada) his guilty-plea conviction and sentence for illegal reentry, in violation of 8 U.S.C. § 1326(b)(1) & (2). He argues that the district court erred in sentencing him under the mandatory Sentencing Guidelines regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. *See United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). Accordingly, Tejada's sentence is VACATED, and the case is REMANDED for further proceedings. *See id.* at 466.

Because we vacate Tejada's sentence and remand for resentencing under an advisory guidelines scheme, we do not reach the other claims of sentencing error that Tejada raises. *See United States v. Akpan,* 407 F.3d 360, 377 n. 62 (5th Cir.2005). To the extent that Tejada challenges his conviction by asserting that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional, the claim is foreclosed. by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Cortez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding.

*See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Cortez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Tejada's conviction, but we VACATE his sentence and REMAND for re-sentencing.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.